FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRYSTAL M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No.1:18-CV-03127-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 18. Attorney D. James Tree represents Krystal M. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on May 30, 2014, alleging disability since May 15,

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 1

2014, due to hyperthyroidism, degenerative changes to her spine, bone spurs, migraines, learning disability, ADHD, anxiety, depression with mood swings, and varicose veins. Tr. 376. The applications were denied initially and upon reconsideration. Tr. 205-12, 216-26. Administrative Law Judge (ALJ) Ilene Sloan held a hearing on May 30, 2017, Tr. 76-110, and issued an unfavorable decision on June 20, 2017, Tr. 15-20. The Appeals Council denied Plaintiff's request for review on May 24, 2018. Tr. 1-5. The ALJ's June 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 16, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1979 and was 34 years old as of the alleged onset date. Tr. 140. She attended school through the eleventh grade, and never completed a GED. Tr. 81-82. She has worked as a cashier, caregiver, security guard, machine cleaner in a meat plant, fast food worker, laundry and dry-cleaning attendant, stock clerk, ticket taker, telemarketer, and janitor. Tr. 101, 378, 401.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 20, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity from January 2015 to November 2016. Tr. 18.

Having found no continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act. Tr. 19-20.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) finding Plaintiff's work for her uncle to constitute substantial gainful activity; and (2) failing to consider a prospective period of disability after Plaintiff's work activity ended.

## DISCUSSION[1]

**1. Finding of substantial gainful activity**

Plaintiff argues the ALJ erred in finding Plaintiff's work for her uncle to be substantial gainful activity (SGA) because the ALJ improperly concluded the work

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

was not accommodated, the ALJ made mathematical mistakes, and the ALJ failed to fully develop the record.[2] ECF 14 at 5-12.

At step one of the sequential evaluation process, an ALJ must determine if a claimant is engaged in SGA. 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful: work that involves doing significant physical or mental activities and is the kind of work done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b); Social Security Ruling 83-33. In determining whether work activity qualifies as SGA, the primary consideration is the claimant's earnings record. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1). When a claimant has earnings at a level equal to or above SGA, a rebuttable presumption arises that she is engaged in SGA. *Keyes v. Sullivan*, 894 F.2d 1053 (9th Cir. 1990).

A claimant may rebut the presumption of SGA by presenting evidence that her work activity is being performed under circumstances that indicate it is not substantial. *Id.*; *see also Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 293-94 (9th Cir. 1992). The Regulations establish a number of factors to be considered, including how well one performs the job, whether the individual is self-employed, the time spent working, and any special conditions. 20 C.F.R. §§ 404.1573, 416.973. Examples of special conditions include being allowed to work irregular hours or take frequent rest periods, being permitted to work at a lower

---

[2] Plaintiff also argues, for the first time in her Reply Brief, that her work could qualify as an unsuccessful work attempt. ECF No. 19 at 2-3. This argument was not raised in the Opening Brief and therefore is waived. *See Carmickle*, 533 F.3d at 1161 n.2. However, as the Court finds remand to be appropriate, Plaintiff may assert this argument before the ALJ on remand, in light of the need for resolution of the discrepancies in the earnings records.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

standard of productivity or efficiency than other employees, or being given the work opportunity because of family relationship or the employer's concern for the individual's welfare. 20 C.F.R. §§ 404.1573(c)(1)-(6), 416.1573(c)(1)-(6). The Regulations make clear none of these conditions alone is sufficient to establish that an individual is not engaged in SGA; the agency must consider the totality of the circumstances. *Id.*; *see also Katz*, 972 F.2d at 293; *Keyes*, 894 F.2d at 1056.

Plaintiff worked part time for her uncle throughout most of 2015 and 2016. Tr. 82. She testified at the hearing:

> that was kind of a pity job, I needed money and he's my uncle, so he put me on the books to do light housekeeping and garden work and stuff for him. But I haven't, I wasn't keeping up with it so kind of agreed that I didn't, wouldn't work with it anymore. I couldn't keep up with his yard and house and stuff.

Tr. 82. She also testified that she was only working two weeks out of each month, Tr. 82, and that it took her significantly longer to complete the work than it did for her uncle's regular housekeeper. Tr. 94.

The ALJ failed to discuss all of these circumstances. After analyzing the various earnings record statements in the file, the ALJ stated in one sentence that "the claimant testified that Oasis Drilling/her uncle did not provide her with any type of special accommodation other than allowing her to perform the work on a '2 weeks on, 2 weeks off' schedule." Tr. 19. This was the ALJ's only analysis of whether the work performed was substantial. Read in isolation, the ALJ's decision implies a normal part-time work arrangement that just happened to be between family members. However, a substantial evidence analysis requires the Court to consider whether there "is relevant evidence that, *considering the entire record*, a reasonable person might accept as adequate to support a conclusion." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001) (emphasis added). When considering the record as a whole, Plaintiff's testimony raises a factual question as to whether she

was performing duties that consisted of significant physical and mental activities to warrant a designation of "substantial." The ALJ failed to explain how she resolved the various other factors, including Plaintiff's reportedly minimal responsibilities, the familial relationship, and her uncle's apparent desire to assist a family member in a difficult situation.[3] Tr. 82-83, 93-94. Defendant does not dispute that the ALJ considered some—but not all—of the factors. ECF No. 18 at 7. The ALJ's failure to consider all of the relevant factors renders the decision unsupported by substantial evidence.

The Court acknowledges that the record is lacking in detail on the specifics of Plaintiff's employment. On remand, the ALJ is directed to further develop the record as to Plaintiff's duties and the conditions under which she obtained and performed the work. The ALJ is also directed to resolve the discrepancies in Plaintiff's various earnings records before relying on the records to find SGA.[4]

---

[3] The record also reflects that Plaintiff's boyfriend, who was himself disabled, occasionally performed work for Plaintiff's uncle as well. Tr. 86.

[4] The Detailed Earnings Record, Tr. 374, documents different total earnings amounts for 2015 and 2016 than the New Hire Query, Tr. 363, 365. Plaintiff testified that she worked for her uncle for nearly two years, Tr. 82, yet the records only include earnings for four quarters. The parties should address this discrepancy on remand.

With respect to the ALJ's calculation errors at Tr. 18, the Court finds such errors harmless. The New Hire Query at Tr. 363 indicates $10,406 in earnings over three quarters of 2015, resulting in average monthly earnings of $1,156.22 ($10,406 ÷ 9 months). The Detailed Earnings Query at Tr. 374 indicates $14,136 in earnings for the year, resulting in average monthly earnings of $1,178 ($14,136 ÷ 12 months). By either calculation, Plaintiff's earnings records indicate wages over the presumptive SGA level of $1,090 for 2015. *See* 20 C.F.R. § 404.1574a.

## 2. Prospective period of disability

Plaintiff additionally submits that, even if the ALJ was correct in finding SGA, the ALJ erred in not considering a prospective period of disability following the end of Plaintiff's work for her uncle. ECF 14 at 15-17.

The Social Security Act defines disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905.

As the Court finds the ALJ erred in denying this claim at step one, it is unnecessary to resolve this issue. On remand, the ALJ shall reassess step one and complete the remainder of the step five process as needed.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's step one determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reassess Plaintiff's work activity, including whether special conditions existed to justify deeming the work not to be substantial. The ALJ shall continue the five-step analysis, as necessary,

and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED May 3, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE